UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PHILLIP SAWHILL,

    Plaintiff,

v.                                                       CASE NO. 8:05-CV-35-T-30MAP

JO ANNE B. BARNHART,
Commissioner of Social Security

    Defendant.
_____/

**REPORT AND RECOMMENDATION**

    Pursuant to 42 U.S.C. § 405(g) and 1383(c)(3), Plaintiff seeks review of the Commissioner's decision denying his claims for a closed period of disability, Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI").[1] The Plaintiff argues that the Administrative Law Judge ("ALJ") erred by (1) failing to properly consider his treating doctors' opinions, (2) failing to give proper weight to the Plaintiff's testimony, subjective complaints, and nonexertional impairments, and (3) relying on the vocational expert's incomplete hypothetical to the Plaintiff. After reviewing the record and the parties' memoranda, I find that the ALJ applied the correct legal standards and the decision is supported by substantial evidence. Accordingly, I recommend the Plaintiff's complaint be dismissed and judgment be entered for the Defendant.

    *A. Background*

    Unfortunately, Plaintiff suffers from multiple impairments despite his young age. He was thirty-four years old at the time of his first administrative hearing and thirty-six at the time the administrative law judge rendered his final decision. He claims disability due to car accidents on

---

[1] This matter has been referred to me pursuant to Local Rule 6.01(c)(21).

May 4, 1998, and June 1999, causing jaw pain, severe headaches, ringing in his ears, neck and back pain. Following the first accident he also experienced numbness in his hands, however this subsided. Though his neck and back improved in early 1999, his symptoms worsened, especially his headaches, after the second car accident. Plaintiff took several prescription pain medications for his headaches and TMJ but switched to Advil in the summer of 2000 due to side effects from the prescription medications.[2]

He worked as a locksmith for five years then served in the Air Force as an airplane mechanic from August 1990 through January 1997. Following his military service, he worked as a car salesman for about one year. After the car accidents, he attempted several jobs, as a pest controller, postal worker, and car detailer, but they were part-time and lasted only for several months at most. Since January 2001, however, the Plaintiff maintained jobs as a locksmith and later as a real estate appraiser  Hence, he seeks a closed period of disability from May 4, 1998, through January 1, 2001.

Plaintiff initially filed for SSI benefits on November 12, 1999. The ALJ denied his initial applications and he requested review on March 30, 2001. The Appeals Council granted Plaintiff's request for review, and remanded the case to the ALJ. Upon reconsideration, the ALJ held a hearing on November 12, 2002, and found Plaintiff not disabled. The Appeals Council denied Plaintiff's request for review on December 9, 2004, and the case is now ripe for review.

---

[2] The ALJ accurately reports the Plaintiff's medical history, and I adopt that portion of his decision for purposes of this report and recommendation. *See* R. 16-21.

*B. Standard of Review*

To be entitled to disability insurance benefits a claimant must be unable to engage in any substantial gainful activity by reason of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months.  42 U.S.C. § 423(d)(1)(A).  A "physical or mental impairment" is an impairment that results from anatomical, physiological, or psychological abnormalities, which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.  42 U.S.C. § 423(d)(3).

The Social Security Administration, in order to regularize the adjudicative process, promulgated the detailed regulations that are currently in effect.  These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled.  20 C.F.R. §§ 404.1520, 416.920.  If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary.  20 C.F.R. §§ 404.1520(a), 416.920(a).  Under this process, the ALJ must determine, in sequence, the following: whether the claimant is currently engaged in substantial gainful activity; whether the claimant has a severe impairment, i.e., one that significantly limits the ability to perform work-related functions; whether the severe impairment meets or equals the medical criteria of Appendix 1, 20 C.F.R. Subpart P; and whether the claimant can perform his or her past relevant work.  If the claimant cannot perform the tasks required of his or her prior work, step five of the evaluation requires the ALJ to decide if the claimant can do other work in the national economy in view of his or her age, education, and work experience.  A claimant is entitled to benefits only if unable to perform other work.  *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987); 20 C.F.R. §§ 404.1520(f), 416.920(f).

In reviewing the ALJ's findings, this Court must ask if substantial evidence supports those findings. *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The ALJ's factual findings are conclusive if "substantial evidence" consisting of "relevant evidence as a reasonable person would accept as adequate to support a conclusion" exists. 42 U.S.C. § 405(g); *Keeton v. Dep't of Health and Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994). The court may not reweigh the evidence or substitute its own judgment for that of the ALJ even if it finds that the evidence preponderates against the ALJ's decision. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). Further, the Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that he has conducted the proper legal analysis, mandates reversal. *Keeton*, 21 F.3d at 1066; *Jamison v. Bowen*, 814 F.2d 585, 588 (11th Cir. 1987) (remanding for clarification).

   C.  Discussion

      1.  treating doctors

Plaintiff vaguely claims the ALJ failed to give proper weight to his treating doctors' opinions. The ALJ is required to give substantial weight to the opinion of the treating physician unless "good cause" is shown to the contrary. *Edwards v. Sullivan*, 937 F.2d 580 (11th Cir. 1991). Good cause can be shown to exist where the opinion of the treating physician is not bolstered by the evidence, the evidence supports a contrary finding, or the doctor's opinions are conclusory or inconsistent with their own medical records. *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997); *see also* 20 C.F.R. § 416.927(d)(2). Additionally, the ALJ is required to clearly articulate the reasons for giving less weight to the opinion of the treating physician. *Lewis*, 125 F. 3d at 1440. The Commissioner's regulations also require the findings of a treating physician be given controlling

weight. 20 C.F.R. § 404.1527(d)(2). If the ALJ gives less weight to the opinion of the treating physician as compared to other evidence in the record, the ALJ must clearly articulate his reasons for doing so, and the failure to do so is reversible error. *MacGreger v. Bowen*, 786 F.2d 1050, 1053 (11th Cir. 1986).

Though the Plaintiff neglected to mention which treating doctors he contends the ALJ improperly discredited, he likely was disappointed with the ALJ's treatment of Dr. Rosoff, his dentist, and Dr. Chuong, his oral and maxiofacial surgeon.  Dr. Rosoff opined that Plaintiff needed to lie down twice daily from thirty minutes to an hour due to chronic TMJ problems (R. 341-342). The ALJ considered Dr. Rosoff's opinion (R. 19) but accorded it little weight because it was inconsistent with and unsupported by the objective medical evidence. Similarly, although Dr. Chuong opined Plaintiff suffered from a permanent injury and recommended surgery to improve chronic pain, the ALJ found the recommendation "suspect in light of the fact that one month later, in June 2000, a dynamic motion x-ray evaluation of the TMJ was essentially normal" (R. 18). Since the ALJ clearly articulated his reasons for not giving controlling weight to Plaintiff's treating physicians, Plaintiff's contention that the ALJ erred by improperly evaluating his treating physicians' opinions is unsupported.

### 2. *credibility/ nonexertional impairments*

Plaintiff next claims the ALJ erred by failing to accord proper weight to his testimony and subjective complaints of pain. Again, however, he neglects to explain the bases for his assertions. Under the Eleventh Circuit's three-part "pain standard," the Plaintiff must show: (1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined

5

medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain. *Foote v. Chater,* 67 F.3d 1553, 1560-61 (11th Cir. 1995); *Landry v. Heckler*, 782 F.2d 1551, 1553 (11th Cir. 1986). Indeed, in certain instances, pain alone can be disabling even if unsupported by objective evidence. *Foote* at 1561.

Here, the ALJ properly evaluated the Plaintiff's testimony and subjective complaints of pain in accordance with the Eleventh Circuit standard and concluded he was not disabled. In particular, the ALJ noted that numerous objective medical tests failed to confirm the severity of Plaintiff's pain complaints and discussed the medical evidence relating to Plaintiff's TMJ, headaches, and back pain in relation to his subjective testimony. The Plaintiff was offered surgery but declined, opting for more conservative treatments instead. Since June 2000 he sought treatment for TMJ pain only once. Thus, the medical records fail to substantiate Plaintiff's TMJ pain complaints. He switched from prescription pain medications that caused nauseousness, constipation, and difficulty in concentration to Advil, which he tolerated well. He concedes that his pain became more manageable after the closed period of disability.

The ALJ found that even during the closed period the pain was not disabling. He stated that "the medical evidence does not document a continuing impairment or combination of impairments of incapacitating proportions, i.e. one which would produce pain of such intensity that the ordinary physical activity to perform basic work-related functions would be impossible or contraindicated for a continuous period of twelve months or more" (R. 22). I find substantial support for the ALJ's conclusion.

The Plaintiff contends the ALJ failed to consider his nonexertional impairments and their effect on his ability to work. This bare assertion is unsupported. The ALJ discussed Plaintiff's

nonexertional impairments at length (R. 20-22), cited to the applicable regulations (R. 22), and only then opined that he was not disabled.

### 3. VE's hypothetical

The Plaintiff questions the completeness of the VE's hypothetical. He asserts the question posed should have referenced his psychological problems and nonexertional impairments. The ALJ's hypothetical posed to a vocational expert must comprehensively describe the plaintiff's limitations. *See Pendley v. Heckler*, 767 F.2d 1561, 1563 (11th Cir. 1985). Of course, the ALJ is not required to include limitations found not credible, and submits to the expert only those supported by objective evidence of record. *See Wolfe v. Chater*, 86 F.3d 1072, 1078 (11th Cir. 1996), *McSwain v. Bowen*, 814 F.2d 617, 620 n.1 (11th Cir. 1987). Here, the ALJ found Plaintiff did not suffer from a severe mental impairment (R. 20) and also concluded that the objective medical evidence failed to support the severity of Plaintiff's pain complaints. Hence, the VE's hypothetical (R. 493-94) comprehensively described the Plaintiff's vocational limitations.

### D. Conclusion

I find that the ALJ's decision denying benefits is substantially supported by the record as a whole. I therefore recommend that the complaint be dismissed for the reasons stated in this report.

IT IS SO RECOMMENDED in chambers at Tampa, Florida on this 9th day of February 2006.

MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE

## **NOTICE TO PARTIES**

Failure to file and serve written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date it is served on the parties shall bar an aggrieved party from a *de novo* determination by the District Court of issues covered in the report, and shall bar the party from attacking on appeal factual findings in the report accepted or adopted on appeal by the District Court except upon grounds of plain error or manifest injustice. 28 U.S.C. ?636(b)(1)(C); Local Rule 6.02; *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982) (*en banc*).

Copies furnished to:
Counsel of Record
James S. Moody